UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LLOYD'S SYNDICATE 2112,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MERIDIAN DRYWALL INC,<br>HARTFORD CASUALTY INSURANCE<br>COMPANY, HARTFORD FIRE<br>INSURANCE COMPANY,<br><br>　　　　　Defendants. | CASE NO. C13-409 MJP<br><br>ORDER GRANTING MOTION TO STAY |

　　This matter comes before the Court on Plaintiff Lloyd's Syndicate 2112's motion to stay pending the resolution of a related action pending in King County Superior Court, captioned Adan Rosales-Guzman v. Lloyd's Syndicate 2112, case no. 12-2-28503 ("King County action"). (Dkt. No. 17.) Defendant Meridian Drywall Inc. did not oppose the motion. The Court considered the motion, the response of Defendants Hartford Casualty Insurance Company and Hartford Fire Insurance Company (Dkt. No. 19), and Plaintiff's reply (Dkt. No. 26), and GRANTS the motion.

ORDER GRANTING MOTION TO STAY- 1

**Background**

Plaintiff Lloyd's of London Syndicate 2112 ("Syndicate") brings suit against Defendant Meridian Drywall, Inc. ("Meridian"), Hartford Casualty Insurance Company and Hartford Fire Insurance Company (collectively, "Hartford") for damages and a declaratory judgment that Meridian and Hartford were obligated to indemnify and/or defend Syndicate's insured. (Dkt. No. 2 at 9.) Meridian brought cross-claims against Hartford based on its refusal to defend Meridian in the above captioned action against Syndicate, seeking declaratory relief Hartford had a duty to defend, breach of contract, and violations of the Washington Consumer Protection Act and the Insurance Fair Conduct Act. (Dkt. No. 16 at 9-12.)

This matter stems from a lawsuit in tort filed by Adan Rosales-Guzman ("Guzman") against contractor Spruce Hills in Snohomish County Superior Court on April 27, 2011. (Dkt. No. 23-1 at 1.) Guzman was allegedly employed by Meridian on a site where Spruce Hills was general contractor and was injured on the job in August 2008. (Dkt. No. 17 at 2.) Spruce Hills was insured by Syndicate, but the policy required as a condition of coverage Spruce Hills have contracts in place with all subcontractors to (1) defend and indemnify Spruce Hills and (2) obtain primary and excess liability coverage naming Spruce Hills as an additional insured. (Dkt. No. 2 at 7.) Syndicate's policy with Spruce hills also required exhaustion of a $25,000 self-insured retention ("SIR") before any duty to defend could arise. (Dkt. No. 17 at 2.) During the period at issue, Meridian had an insurance policy through Hartford. (Dkt. No. 1 at 2.) The parties dispute whether Spruce Hills was also insured by Hartford.

When Spruce Hills was sued by Guzman, it hired attorney Kevin Hanchett to defend it, and Hanchett notified Syndicate of the Guzman lawsuit. (Dkt. No. 17 at 2.) Syndicate informed Hanchett Spruce Hills had to "properly defend" itself against any claims until the exhaustion of

ORDER GRANTING MOTION TO STAY- 2

the SIR, at which point Syndicate's defense duties would arise. (Id.) Hanchett filed a notice of appearance in the Guzman tort case and represented to Syndicate he answered the complaint. (Id.) Neither the owner of Spruce Hills or Syndicate was kept informed of the progress of the litigation. (Id.) It was later discovered Hanchett had not answered the complaint or defended Spruce Hills, and a default judgment was entered against Spruce Hills in excess of three million dollars. (Id.) Syndicate stepped in and unsuccessfully attempted to have the default judgment vacated. (Dkt. No. 18-1 at 32.)

Spruce Hills assigned its rights against Syndicate and any other insurers covering Spruce Hills to Guzman. (Dkt. No. 18-1 at 35.) Guzman filed the King County action at issue here against Syndicate in his capacity as assignee of Spruce Hills. (Id. at 36) The King County court found on summary judgment Syndicate had no duty to defend Spruce Hills prior to the entry of the default judgment because of the SIR. (Dkt. No. 18-1 at 42.)   The King County court denied Syndicate's motion for summary judgment as to any other grounds on which Guzman/Spruce Hills based a breach of contract claim, finding genuine issues of fact as to whether Syndicate reasonably investigated Spruce Hills' claim, breached a contractual duty to settle, and breached a contractual duty to pay. (Id. at 44.) The court denied Syndicate's motion for summary judgment on the issue of coverage, and denied Guzman/Spruce Hills' motion for summary judgment on Syndicate's duty to defend. (Id. at 44, 46.) Trial is set in King County on the remaining issues for January 2014. (Dkt. No. 17 at 3.)

Syndicate seeks in this case contribution and indemnity from Meridian and its insurer, Hartford, for any damages awarded against Syndicate in the King County Action. (Dkt. No. 17 at 4.) Syndicate asks the Court to stay this case pending the resolution of that action, arguing if Syndicate prevails there, this action will become moot. (Id. at 5.) Hartford argues Syndicate

1  cannot succeed on the claims against it, and wishes to move forward with the case. (Dkt. No. 19
2  at 2.)

### Analysis

A stay of proceedings is incidental to the power of the Court to control its own docket and to dispose of cases with economy of time and effort for itself, for counsel, and for litigants. Landis v. N. Am. Co., 299 U.S. 248, 254 (1936). To determine whether a stay is appropriate, a court should weigh the competing interests, including (1) the possible damage which may result from granting a stay, (2) the hardship or inequities the moving party may suffer in being required to go forward, and (3) the orderly course of justice measured in terms of simplifying or complicating issues, proof and questions of law which could be expected to result from a stay. Rygg v. Hulbert, 2013 U.S. Dist. LEXIS 1559, *6 (W.D. Wash. Jan. 4, 2013).

A stay is appropriate in this case. Hartford, the only party opposing the stay, has articulated no damage that will result if the stay is granted. The King County action is set for trial in January of 2014, roughly four months from now. Hartford has not and cannot articulate any damage, beyond general delay, it will face if it is required to wait until early 2014 for this case to move forward. Hartford's argument that Syndicate will lose on its substantive claims does not amount to a showing of damage. (Dkt. No. 19 at 3.) In contrast, Syndicate has represented to this Court that if it prevails in the King County action, it will not pursue any claim against Hartford. (Dkt. No. 26 at 4.) In light of this, moving forward would be contrary to judicial economy and would potentially cause unnecessary hardship to all parties by creating unnecessary litigation. A stay will aid in promoting the orderly course of justice, simplify the issues in this case, and prevent potentially inconsistent findings. A stay is the appropriate course of action here.

**Conclusion**

Finding a stay pending the outcome of the King County action appropriate, this case is STAYED for six (6) months, or in the alternative, until thirty (30) days after the King County trial ends, whichever is sooner. The parties are ORDERED to submit to this Court a joint status report upon the happening of either of these occurrences.

The clerk is ordered to provide copies of this order to all counsel.

Dated this 5th day of September, 2013.

Marsha J. Pechman
Chief United States District Judge